JOSEPH SILVEY

*v.*

GEORGE DOWELL *et al.*

JURISDICTION IN CHANCERY—*remedy at law—as between co-sureties.* The principal maker of a note placed an indemnity in the hands of one of his sureties, and the latter assumed to pay the note, and, after having paid it in part, procured a third person to purchase the note for his benefit. The assignee sued upon it in his own name, and recovered a judgment thereon against the surety, for whose benefit the note had been bought, and another, his co-surety, and execution was levied upon the property of the latter: *Held*, it was inequitable to compel the surety, whose property was levied on,

to pay the debt for the benefit of his co-surety, in whose hands the principal maker had placed funds to pay it, and a court of chancery would interpose to restrain its collection. The remedy was not at law.

APPEAL from the Circuit Court of Mason county; the Hon. CHARLES TURNER, Judge, presiding.

Messrs. LACEY & WALLACE, for the appellant.

Mr. L. DEARBORN, for the appellees.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was a bill in chancery in the Mason circuit court, exhibited by Joseph Silvey against George Dowell, John Welch, J. W. Stevenson and David B. Phelps, the sheriff, to enjoin proceedings on a *fi. fa.* issued on a judgment obtained by Stevenson against Dowell and Silvey, and which Stevenson had assigned to Dowell.

It appears from the record, that Dowell and Silvey were securities on a note which John Welch had executed to William Claypool for two hundred and fifty dollars, the price of certain personal property Welch had bought of Claypool; that by agreement between Welch, Dowell and appellant, Silvey, Welch was to execute a chattel mortgage to Dowell and Silvey on the property purchased, and some other property, as security to them, which he did execute; that soon after its execution, Dowell took possession of the property, and assumed the payment of Welch's note to Claypool; that Dowell paid one-half the note, and then procured Stevenson to buy the note of Claypool for his, Dowell's, benefit, he, Dowell, furnishing the money for that purpose. Stevenson bought the note, paying full value therefor, and had it assigned to himself, and brought an action thereon against Dowell and appellant, in his own name, and recovered a judgment against them for one hundred and forty-seven dollars nineteen cents and costs.

It is the execution issued on this judgment, and which was levied on appellant's personal property, that was sought to be enjoined.

Though the defendants, Dowell and Stevenson, in their answers to the bill, deny the facts above stated, yet they were abundantly proved by appellant, and by Stevenson himself, who was sworn and testified in the cause.

Had these facts been known to appellant, and presented as a defense to the action at law on the note, they could not have availed, for he was, doubtless, liable on the note to the holder by assignment. But when, as it now appears, his co-defendant and co-maker of the note, Dowell, was the party beneficially interested in the note, and who had been put in funds by Welch, the principal debtor, sufficient to pay it, and had assumed to pay it, the injustice of the proceeding as against appellant, becomes manifest, and is so glaring as to require the interposition of a court of equity.

Dowell having received full indemnity himself, for becoming security for Welch, and having assumed the payment of the note, which he was morally and equitably, if not legally bound to pay, it became his own debt, and for which appellant should not be responsible.

It is against equity and good conscience that he should be compelled to pay a debt which his co-surety assumed to pay himself, in consideration of funds having been placed in his hands for such purpose.

The case is too plain for argument. The bill of complainant should not have been dismissed. For the error in dismissing it, the decree must be reversed and the cause remanded.

*Decree reversed.*